UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALVIN LIPSEY, )<br>)<br>*Petitioner,* )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>*Respondent.* ) | Cause No. 3:15-cv-321 RLM<br>(Arising from 3:12-cr-114 RLM) |

OPINION AND ORDER

Alvin Lipsey pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(d), and using a firearm during a crime of violence, 18 U.S.C. § 924(c). He argues that his counsel was ineffective in explaining the plea agreement to him, and in failing to catch errors in the Sentencing Guidelines range. The government and Mr. Lipsey stipulated as to one of the alleged errors in the Guideline calculation. That error is enough to grant his petition and resentence him.

I. BACKGROUND

Mr. Lipsey's Presentence Investigation Report explained the applicable Sentencing Guideline. The base offense level for the robbery conviction was 20, USSG § 2B3.1(a), which was increased by 2 levels because the property of a financial institution was taken, § 2B3.1(b)(1). But because Mr. Lipsey was at least eighteen years old when he committed the offense, the offense was a "crime of violence," and Mr. Lipsey had two previous felony convictions for "crimes of violence," he was considered a "career offender." § 4B1.1(a). This status raised

his offense level to 34 and assigned him a criminal history category of VI. § 4B1.1(b)(2). With a three-level reduction for acceptance of responsibility, § 3E1.1, his total offense level for the robbery was 31. On its own, this would result in a Guideline sentence of 188 to 235 months. Ch.5, Pt.A. When coupled with the § 924(c) conviction, Mr. Lipsey's Guideline sentence rose to 262 to 327 months. § 4B1.1(c)(2). At sentencing, the court then tacked an additional 60 months onto the Guideline sentence for the mandatory consecutive minimum under § 924(c). The court sentenced Mr. Lipsey to 230 months for the bank robbery and 60 months for using a firearm during a crime of violence, for a total of 290 months.

Mr. Lipsey moved to vacate his conviction. He said his counsel didn't alert him to the possibility that he would be sentenced as a career offender and his counsel had a medical condition that affected his counsel's ability to represent him. He also said he shouldn't have been treated as a career offender at all. The court rejected these arguments. It said that Mr. Lipsey waived his right to challenge the plea, and he didn't show that a different outcome would have resulted if he had been advised appropriately. He moved to amend his motion to vacate to include a claim that armed bank robbery, 18 U.S.C. § 2113(d), isn't a "crime of violence," so his § 924(c) conviction can't stand. The court denied this motion too, treating it as a second or successive petition that hadn't been approved by our court of appeals. 28 U.S.C. § 2255(h).

Mr. Lipsey appealed these decisions. The court of appeals reversed the first. Mr. Lipsey's appeal waiver didn't bar the ineffective assistance of counsel claim because Mr. Lipsey argued the attorney was ineffective "with regard to the

2

plea agreement as a whole." Lipsey v. United States, Nos. 3:15-cv-321 & 3:12-cr-114, at *2 (quoting Hurlow v. United States, 726 F.3d 958, 965 (7th Cir. 2013)). Mr. Lipsey's explanation of his counsel's ineffectiveness would, if true, entitle him to relief. *Id.* The court of appeals affirmed the second decision. The court erred in denying Mr. Lipsey's motion to amend because he filed the motion during the timeframe to appeal. *Id.* at *3. But the amendment lost on the merits because bank robbery is a "crime of violence" under § 924(c) and Guidelines § 4B1.2(a)(1). *Id.* (citing United States v. Jones, 932 F.2d 624, 625 (7th Cir. 1991)); United States v. Armour, 840 F.3d 904, 907-909 (7th Cir. 2016). The case was remanded. This court appointed counsel to prepare an amended motion to vacate.

## II. Discussion

One convicted of a federal crime can challenge his sentence on grounds that the sentence violates the Constitution or laws of the United States, was imposed without jurisdiction, exceeds the statutory maximum, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). An evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255(b). After reviewing Mr. Lipsey's petition and the record of this case, the court concludes that the factual and legal issues raised can be resolved on the record in Mr. Lipsey's favor, so a hearing is unnecessary. *See* Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000).

To show that his counsel was constitutionally defective, Mr. Lipsey must demonstrate that "h[is] counsel's performance was objectively unreasonable or deficient and that []he was prejudiced as a result." Eckstein v. Kingston, 460 F.3d 844, 848 (7th Cir. 2006). "An attorney's failure to object to an error in the court's guidelines calculation that results in a longer sentence for the defendant can demonstrate constitutionally ineffective performance." Ramirez v. United States, 799 F.3d 845, 855 (7th Cir. 2015); Swanson v. United States, 692 F.3d 708, 714 (7th Cir. 2012); United States v. Jones, 635 F.3d 909, 916 (7th Cir. 2011).

Both parties agree that the court erred in the Guideline calculation at Mr. Lipsey's sentencing. Even if the court was correct that Mr. Lipsey was a career offender,[1] it shouldn't have added another 60 months onto the Guideline calculation determined under § 4B1.1. When a career offender is convicted of a count, in this case armed bank robbery, in addition to § 924(c):

> the guideline range shall be the greater of—
>
> (A) the guideline range that results by adding the mandatory minimum consecutive penalty required by the 18 U.S.C. § 924(c) . . . count(s) to the minimum and the maximum of the otherwise applicable guideline range determined for the count(s) of conviction other than the 18 U.S.C. § 924(c) . . . count(s); and
>
> (B) the guideline range determined using the table in subsection (c)(3).

---

[1] Mr. Lipsey maintains that he shouldn't have been designated as a career offender. The government doesn't stipulate to whether the career offender designation was an error. Because Mr. Lipsey can be resentenced based on the one error addressed in this opinion, the court will leave the dispute over the career offender designation for Mr. Lipsey's resentencing, if still disputed at the time.

4

§ 4B1.1(c)(2). To derive the right Guideline range, the court should have calculated the range under clauses (A) and (B) above, and used whichever is higher, without additional adjustment.

For the (A) clause calculation, the base offense level for the robbery conviction was 20, USSG § 2B3.1(a), which is increased by two because the property of a financial institution was taken, § 2B3.1(b)(1). Assuming Mr. Lipsey was a career offender, that status would have raised his offense level to 34. § 4B1.1(b)(2). With a three-level reduction for acceptance of responsibility, § 3E1.1, his total offense level for the robbery should have been 31, and his criminal history category should have been VI, § 4B1.1(b). The Guideline range on the robbery should have been 188-235 months, which, when coupled with the mandatory minimum on the § 924(c) conviction, should have been 248 to 295 months.

For the (B) clause calculation, "the table in subsection (c)(3)" shows that the applicable range for a career offender with a three-level reduction is 262 to 327 months.

Because the suggested range under the (B) clause is greater than that under the (A) clause, 262 to 327 months should have been Mr. Lipsey's Guideline recommendation. At sentencing the court got this far, but it then tacked on an additional five years for the § 924(c) conviction, when the § 924(c) amount should have already been built into the 262 to 327 months. *See* §§ 4B1.1 cmt. n.3(D)-(E), 5G1.2. The court erred and the result was a five-year inflation of Mr. Lipsey's

Guideline range to 322 to 387 months. Mr. Lipsey's counsel should have objected to this error.

The next question is whether the error prejudiced Mr. Lipsey. Ramirez v. United States, 799 F.3d 845, 855 (7th Cir. 2015). Despite the five-year inflation on the Guideline sentence, the court's final sentence was 230 months for the bank robbery and 60 months for using a firearm during a crime of violence, for a total of 290 months. The final sentence of 290 months was within what would have been the correct Guideline range, assuming that Mr. Lipsey was appropriately treated as a career offender. But a two-level downward departure applied, which is where the court derived the 230 month sentence for the armed bank robbery. It's safe to infer that the court intended to sentence Mr. Lipsey below the Guideline level to apply that two-level downward departure. The result was that by receiving a within-Guideline sentence, Mr. Lipsey's sentence was too high. The court should have caught this error the first time around, and counsel should have caught it too. As a result, Mr. Lipsey was prejudiced.

Because of the ineffective assistance of Mr. Lipsey's counsel at sentencing, Mr. Lipsey ought to be resentenced based on an updated PSR. The parties can use the opportunity to reevaluate Mr. Lipsey's career offender status, which the court will address if, after the revised PSR, it's still disputed.

III. CONCLUSION

Based on the foregoing, the court:

6

(1) GRANTS Mr. Lipsey's Amended Motion to Vacate [3:12-cr-114; Doc. Nos. 125, 134, 141] [3:15-cv-321; Doc. Nos. 16, 19, 23];

(2) GRANTS the parties' Agreed Proposed Resolution of 2255 Petition [3:12-cr-114; Doc. No. 143];

(3) DENIES AS MOOT Mr. Lipsey's motion for transcripts [3:12-cr-114; Doc. No. 126];

(4) DIRECTS the Clerk to vacate Mr. Lipsey's sentencing [3:12-cr-114; Doc. Nos. 62, 63], with resentencing to be scheduled by future order; and

(5) DIRECTS the Probation Department to prepare a revised pre-sentence investigation report.

SO ORDERED.

ENTERED:  July 14, 2017

/s/ Robert L. Miller, Jr.
Judge
United States District Court